979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerald J. HARRIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3314.
 United States Court of Appeals, Federal Circuit.
 Sept. 24, 1992.
 
 Before MICHEL, COWEN and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Gerald J. Harris petitions for review of the February 12, 1992 order of the Merit Systems Protection Board, No. DA831E9110484, reversing the initial decision of the Administrative Judge (AJ), who had reversed the Office of Personnel Management's (OPM) decision denying disability retirement benefits. We affirm.
 
 OPINION
 
 2
 Harris was employed by the United States Postal Service as a Distribution Clerk. Citing lower back pain, Harris applied for a disability annuity on October 28, 1988 pursuant to 5 U.S.C. § 8337(a) of the Civil Service Retirement Act. This section provides:
 
 
 3
 An employee who completes 5 years of civilian service and has become disabled shall be retired on the employee's own application or on application by the employee's agency. Any employee shall be considered to be disabled only if the employee if [sic] found by the Office of Personnel Management to be unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment ... to a vacant position which is in the agency at the same grade or level and in which the employee would be able to render useful and efficient service.
 
 
 4
 After leaving his position as Distribution Clerk, Harris spent approximately 18 months on "leave without pay" status. He was then returned to that position and thereafter transferred to the position of Distribution and Window Clerk. Harris was subsequently removed from his second position for performance reasons, and, pursuant to a settlement agreement, the Postal Service withdrew its removal action. Harris remained on leave without pay and filed a new application for disability retirement. That application is presently pending before OPM.
 
 
 5
 The OPM denied Harris' first application, both initially and on reconsideration. The AJ reversed OPM's decision, finding that Harris met the statutory requirements for disability retirement. On appeal by the OPM, the Board vacated the AJ's decision and dismissed Harris' petition as moot in light of his second application for disability retirement.* The Board reasoned that Harris is not eligible for disability annuity with respect to his first position unless he is unable "to render useful and efficient performance" in his new position as a Distribution and Window Clerk, an issue that is presently before OPM in connection with his second application for disability retirement. The Board also concluded that Harris would receive no benefits from a favorable decision on his first application that he would not receive from a favorable decision on the second application. The Board thus dismissed his petition as moot.
 
 
 6
 On appeal to this court, Harris' sole argument is that the AJ's decision should be reinstated. OPM responds that under the plain language of 5 U.S.C. § 8337, Harris' appeal became moot when he was reassigned to the position of Distribution and Window Clerk, and when he filed a second application for disability retirement.
 
 
 7
 Our jurisdiction to review and set aside the Board's decision is limited. We must affirm the Board's decision unless it is (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Harris bears the burden of producing evidence to support his annuity claim, see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987), a burden he has not met here.
 
 
 8
 Harris was reassigned to a new position. The merits of his disability application in respect of that new position are now before the OPM. Harris cannot be entitled to disability benefits if he was able to render useful service as a Distribution and Window Clerk, even if he was subsequently removed for performance reasons. Whether he was removed because he was unable to perform or because, while able to perform, he failed to do so, presumably will be considered by the OPM in the evaluation of Harris' second application. Under the circumstances, and given our limited standard of review, we find no basis for reversal or remand.
 
 
 
 *
 The Board declined to address OPM's argument that Harris' "entitlement to a disability annuity must be determined on the basis of his current position, and that, because the agency reassigned [Harris] in June 1990, the Distribution and Window Clerk position is his current position."